# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2023

Lyle W. Cayce
Clerk

No. 20-10157

United States of America,

*Plaintiff—Appellee*,

*versus*

Ruben Garcia Ciriaco,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-293-1

Before Richman, *Chief Judge*, and Jolly and Dennis, *Circuit Judges*.
Per Curiam:*

Ruben Garcia Ciriaco (Garcia) appeals his sentence, arguing for the first time on appeal that the district court erred by sentencing him under 8 U.S.C. § 1326(b)(2), which carries a 20-year maximum sentence, instead of § 1326(b)(1), which carries a 10-year maximum sentence. Garcia further argues for the first time on appeal that the sua sponte elevation of the statutory penalty provision violated his Sixth Amendment right to a jury and

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-10157

his Fifth Amendment due process rights, but he recognizes that these two claims may be foreclosed by *Almendarez-Torres v. United States*.[1] The Government moved for a limited remand, which motion was carried with the case. Reviewing for plain error, we modify the judgment to reflect a § 1326(b)(1) conviction, affirm the sentence, and remand to the district court for the limited purpose of correcting the written judgment to reflect that Garcia's statutory penalty provision is § 1326(b)(1).

## I

Garcia was charged with and pleaded guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) and (b)(1). Previously, in 2017, Garcia was convicted of illegal reentry under § 1326(b)(1). He has not committed a felony since that conviction.

The Presentence Investigation Report (PSR) listed the maximum term of imprisonment as 10 years under § 1326(b)(1), but stated that "[b]ecause [Garcia] has an aggravated felony conviction, [Garcia] qualifies for the 20-year maximum penalty under 8 U.S.C. § 1326(a) & (b)(2)." Section 1326(b)(2) applies if the defendant's prior removal was "subsequent to a conviction for commission of an aggravated felony."[2] The PSR did not identify the alleged prior aggravated felony conviction, though it listed Garcia's three prior felony drug convictions. The PSR correctly calculated that Garcia's sentencing guidelines range was 37 to 46 months.

At the beginning of Garcia's sentencing hearing, the district court indicated that the higher 20-year maximum penalty would apply under § 1326(b)(2) "due to the aggravated felony." Garcia requested a sentence at

---

[1] 523 U.S. 224 (1998).

[2] 8 U.S.C. § 1326(b)(2).

the low end of the guidelines range, arguing that although he had a number of prior offenses, those offenses were already accounted for in the guidelines range. In response, the Government emphasized Garcia's past history of removals from the United States, as well as his three prior felony offenses. Garcia did not argue that § 1326(b)(2) was inapplicable or otherwise object to the application of that subsection.

Noting that Garcia had "all of these priors," the district court discussed his drug offenses and his previous removals from the United States. The court concluded by stating that "after eight removals . . . and . . . these other offenses, I think the fairest thin[g], the most just punishment, considering the safety of the community and providing just punishment, and all of the other 3553 factors is 46 months." Consequently, Garcia was sentenced to 46 months of imprisonment, the top end of his guidelines range.

The court's written judgment recorded that Garcia was sentenced under 8 U.S.C. § 1326(a) and (b)(2). In a footnote, the judgment stated that "[w]hile the Indictment charged defendant with a violation of 8 U.S.C. § 1326(a) and (b)(1), the defendant agreed on the record at his . . . sentencing that he qualifies for the 20-year maximum penalty under 8 U.S.C. § 1326(a) and (b)(2), because he has a previous conviction for an aggravated felony." Garcia timely appealed.

## II

Garcia argues that he should have been convicted and sentenced under § 1326(b)(1) because he does not have a prior "aggravated felony" conviction as required under § 1326(b)(2). Because Garcia failed to object to

the district court's application of § 1326(b)(2), our review is for plain error under Federal Rule of Criminal Procedure 52(b).[3]

Plain-error review involves four prongs.[4]  "First, there must be an error that has not been intentionally relinquished or abandoned.  Second, the error must be plain—that is to say, clear or obvious.  Third, the error must have affected the defendant's substantial rights . . . ."[5]  If Garcia establishes the first three prongs, then this court has discretion to correct the error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[6]  "Meeting all four prongs is difficult, 'as it should be.'"[7]

The first two prongs are satisfied.  As the Government concedes, the district court plainly erred by sentencing Garcia under § 1326(b)(2) because Garcia does not have a qualifying aggravated felony conviction.  Therefore, we turn to the third and fourth prongs of plain-error review.

## A

To satisfy the third prong of plain-error review, "the defendant ordinarily must '"show a reasonable probability that, but for the error," the outcome of the proceeding would have been different.'"[8]  "To meet this

---

[3] FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

[4] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[5] *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (citations omitted).

[6] *Puckett*, 556 U.S. at 135 (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[7] *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

[8] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018) (quoting *Molina-Martinez*, 578 U.S. at 194).

standard the proponent of the error must demonstrate a probability 'sufficient to undermine confidence in the outcome.'"[9]  "In the context of sentencing, we ask 'whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand.'"[10]

Based on the evidence of Garcia's four voluntary departures, four prior removals, and his commission of other felony drug offenses, the district court found that the most just punishment, taking into account community safety and the 18 U.S.C. § 3553(a) factors, was a within-guidelines, 46-months sentence.  The district court did not rely on the incorrect statutory maximum when fashioning the sentence, nor does the record, taken as a whole, suggest that § 1326(b)(2) was used as a starting point or as a framework to determine the sentence imposed.[11]  Instead, the framework used was the properly-calculated advisory guidelines range and the § 3553(a) factors, which resulted in a within-guidelines sentence that did not exceed the 10-year statutory maximum under § 1326(b)(1).[12]  Garcia therefore has not established a reasonable probability that the district court's sentence was influenced by its misunderstanding of the applicable statutory maximum.  Nor has Garcia carried his burden of showing that the district court's error affected his substantial rights.  He is not entitled to resentencing.

---

[9] *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (quoting *Dominguez Benitez*, 542 U.S. at 83).

[10] *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc) (quoting *United States v. Garcia–Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009)).

[11] *Cf. Molina-Martinez*, 578 U.S. at 199-200; *United States v. Rodriguez-Pena*, 957 F.3d 514, 516 (5th Cir. 2020) (per curiam).

[12] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

No. 20-10157

**B**

We grant the Government's motion for a limited remand in part and deny it in part as unnecessary, insofar as the Government further requested an order forwarding the district court's order on remand to this court for further processing of the appeal.  Finally, the modification of the judgment renders moot Garcia's arguments that the district court's sua sponte sentencing of him under § 1326(b)(2) violated his Sixth and Fifth Amendment rights.[13]

\*     \*     \*

For the foregoing reasons, the CONVICTION AND SENTENCE ARE AFFIRMED AS MODIFIED, and the MOTION FOR LIMITED REMAND FOR CORRECTION OF JUDGMENT is GRANTED.

---

[13] *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).